

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 21 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

NANA SARPONG, II,

        Defendant.

14-CR-242

Statement of Reasons for Sentencing
Pursuant to 18 U.S.C. § 3553(c)(2)



**JACK B. WEINSTEIN, Senior United States District Judge:**

**I.   Introduction**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245–46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*,

1

550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society and our economy, parsimony in incarceration is to be prized. *See, e.g.*, 18 U.S.C. § 3553 (a) ("The court shall impose a sentence sufficient, but not greater than necessary"); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences*, 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

## II. Facts

On June 19, 2014, Nana Sarpong II pled guilty to one count of a four-count indictment. Count One charged that between March 26 and March 28, 2014, the defendant conspired to import heroin into the United States, in violation of 21 U.S.C. § 963 and 21 U.S.C. § 960(b)(3).

On September 30, 2014, Mr. Sarpong was sentenced. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

## III. Offense Level and Category

The base offense level is 30.

The offense level was reduced by 4 points due to defendant's minimal participation in the instant scheme, United States Sentencing Commission, *Guidelines Manual*, § 3B1.2(a) (Nov. 2013); reduced by 2 points because of defendant's acceptance of responsibility, *id.* at § 3E1.1(a);

and reduced by 1 point because defendant promptly notified the government of defendant's intention to plead guilty. *Id.* at §3E1.1(b). The offense level was also reduced by 2 points under new sentencing guidelines that become effective November 2014; defendant agreed to forgo a motion under 18 U.S.C. § 3582(c) after the new guidelines come into effect. The offense level was further reduced by 4 points for defendant's participation in an Early Disposition Program and by 2 points after the United States determined that he had satisfied all five of the mitigation factors enumerated in 18 U.S.C. § 3553 (f)(1)–(5).

The total adjusted offense level is 15. The criminal history category is I. The Guidelines range is 18–24 months.

## IV. Application of Law to Facts

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See id.* § 3553(a)(1).

Mr. Sarpong is a 49-year-old citizen of Ghana, where he had worked full time as a steel binder, supporting six children, ages 4 to 23. In the summer of 2013, he suffered a stroke which affected the right side of his body. He was hospitalized for two months and discharged in a wheelchair; his right leg never fully recovered. Mr. Sarpong was unable to continue his work as a steel binder and fell into desperate circumstances. He agreed to commit the instant crime when he saw no other choice.

He continues to suffer from blurred vision, acute hip pain and acute paralysis. He has a history of stroke.

The sentence accounts for the defendant's hard work, physical disability, his family's need for his presence, and the fact that this behavior is an aberration. The sentence also reflects this

court's policy that deportation should be considered in sentencing. *See United States v. Chin Chong*, 13-CR-570, 2014 WL 4773978, at *3 (E.D.N.Y. Sept. 24, 2014).

Under Section 3553(a)(2)(B) of Title 18, a sentencing court must consider two major factors: general and specific deterrence. General and specific deterrence are achieved by the sentence imposed. Defendant served approximately six months in jail in a foreign land away from his family. He will be deported and suffer the collateral consequences of a felony conviction.

## V.     Conclusion

Defendant was sentenced to time served, which is approximately six months. A $100 special assessment was imposed. A $500 fine was levied. Mr. Sarpong was sentenced to three years of supervised release, under conditions specified at orally at sentencing.

Remaining charges against defendant were dismissed. The government was instructed to return his personal property to him.

In so ruling, respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing.

SO ORDERED.

Jack B. Weinstein  
Senior United States District Judge

Dated: October 6, 2014  
　　　Brooklyn, New York